IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLTON KILSON, | § | |
| | § | |
| Defendant Below, | § | No. 415, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1302018916 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 25, 2015
Decided: March 3, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 3rd day of March 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, the parties' supplemental memoranda, and the record below, it appears to the Court that:

(1)    In April 2013, the appellant, Carlton Kilson, was indicted for Assault in the Second Degree, Possession of a Deadly Weapon During the Commission from a Felony ("PDWDCF"), and Terroristic Threatening. On October 4, 2013, after a three day trial, a New Castle County jury found Kilson guilty of Assault in the Second Degree, PDWDCF, and Terroristic Threatening. Kilson was sentenced to a total period of twelve years Level V incarceration, suspended after eight years for decreasing levels of supervision. On appeal, the parties agreed that the case

should be reversed and remanded because the Superior Court incorrectly instructed the jury that Kilson was required to prove self-defense by a preponderance of the evidence.[1] The case was reversed and remanded to the Superior Court.[2]

(2)    Trial was scheduled for July 8, 2014.  In June 2014, Kilson was re-indicted for Assault in the First Degree, PDWDCF, and Terroristic Threatening. On June 25, 2014, Kilson pled guilty to Assault in the Second Degree as a lesser included offense of Assault in the First Degree and PDWDCF.  The State agreed to cap its recommendation for Level V time to four years and enter a *nolle prosequi* on the remaining charges.  On July 10, 2014, Kilson was sentenced as follows: (i) for Assault in the Second Degree, eight years of Level V incarceration, suspended after two years for decreasing levels of supervision; and (ii) for PDWDCF, two years of Level V incarceration.  This is Kilson's direct appeal.

(3)    On appeal, Kilson's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").[3]  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  By letter, Counsel informed Kilson of the provisions of Rule

---

[1] *Kilson v. State*, 2014 WL 1745986 (Del. Apr. 30, 2014).

[2] *Id.* at *1.

[3] Kilson was represented by different counsel in the Superior Court.

26(c) and provided Kilson with a copy of the motion to withdraw and the accompanying brief.

(4) Counsel also informed Kilson of his right to identify any points he wished this Court to consider on appeal. Kilson has raised several issues for this Court's consideration. The State has responded to the issues raised by Kilson and asked this Court to affirm the Superior Court's judgment. At the Court's request, the parties submitted supplemental memoranda regarding the re-indictment.[4]

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[5]

(6) On appeal, Kilson argues that: (i) the two years of non-suspended Level V time for the Assault in the Second Degree conviction were not imposed at the sentencing hearing and the sentencing transcript was later modified to include that time; (ii) he was forced to plead guilty by the re-indictment for Assault in the

---

[4] The re-indictment in the record contains handwritten notations changing Assault in the First Degree to Assault in the Second Degree. Counsel and the State informed the Court that the handwritten notations were made by the prosecutor, after the re-indictment was returned by the grand jury, to reflect that Kilson was pleading guilty to Assault in the Second Degree.

[5] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

3

First Degree, which he did not see before pleading guilty; (iii) his counsel was ineffective; (iv) the re-indictment was defective because he was originally convicted of Assault in the Second Degree and there was no evidence he used a deadly weapon; (v); he was supposed to have a bail hearing after his case was reversed and remanded to the Superior Court; and (vi) his sentence is disproportionate compared to the sentence of a man who received a five year prison sentence after pleading guilty to manslaughter. We conclude that all of these claims are without merit.

(7)   First, nothing in the record supports Kilson's claim that he was not sentenced to two years of non-suspended Level V time for Assault in the Second Degree at the sentencing hearing. Nor does anything in the record suggest that the sentencing transcript was modified to include this sentence. Both the sentencing hearing transcript and sentencing order reflect that Kilson was sentenced for Assault in the Second Degree to eight years of Level V incarceration, suspended after two years for six years of Level IV Department of Correction discretion, suspended after six months for two years of Level III probation.

(8)   Kilson's reliance on a letter from his counsel to argue that the sentencing transcript was modified to include two years of non-suspended Level V time for Assault in the Second Degree is misplaced. In the letter, Kilson's counsel states that he and Kilson may have missed hearing the sentence for PDWDCF, not

the sentence for Assault in the Second Degree that Kilson now attacks. Kilson's counsel further states that he would obtain a copy of the sentencing transcript for Kilson and that he did not see how the Superior Court could have avoided imposing a two-year Level V sentence for PDWDCF because that was a minimum mandatory sentence. The total amount of non-suspended Level V time imposed by the Superior Court for both of Kilson's convictions—four years—is consistent with the State's agreement to cap its Level V recommendation to four years. Having carefully reviewed the record, we conclude that Kilson's attacks on the imposition of his sentence for Assault in the Second Degree are without merit.

(9) Kilson next claims that he was forced to plead guilty by the re-indictment for Assault in the First Degree, which he did not see before pleading guilty. Kilson, however, does not dispute that he was informed of the re-indictment for Assault in the First Degree before he pled guilty to Assault in the Second Degree. A copy of the re-indictment for Assault in the First Degree, PDWDCF, and Terroristic Threatening appears in the record. Kilson fails to explain how not seeing a copy of the re-indictment forced him to plead guilty.

(10) Kilson's claims of force are also contrary to his statements in the Truth-In-Sentencing Guilty Plea form and his statements during the guilty plea colloquy. In the Truth-In-Sentencing Guilty Plea form, Kilson indicated that he freely and voluntarily decided to plead guilty to Assault in the Second Degree and

PDWDCF. During the guilty plea hearing, Kilson told the Superior Court that nobody threatened or forced him to plead guilty, he was guilty of Assault in the Second Degree and PDWDCF, he understood that he faced a maximum sentence of thirty-three years Level V incarceration, and he wished to give up his trial and appellate rights because he believed it was in his best interest to plead guilty. Absent clear and convincing evidence to the contrary, Kilson is bound by these representations.[6] Kilson has not identified any such clear and convincing evidence. His claim that he was forced to plead guilty is therefore without merit.

(11) As to Kilson's claims of ineffective assistance of counsel, it is well-settled that this Court will not consider such claims for the first time on direct appeal.[7] Accordingly, we do not consider Kilson's claims of ineffective assistance of counsel. Kilson next claims that the re-indictment for Assault in the First Degree was defective because he was originally convicted of Assault in the Second Degree and there was no evidence he used a deadly weapon. Kilson's voluntary guilty plea waived any objection to defects or errors that occurred before the entry of the plea.[8]

---

[6] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[7] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[8] *Downer v. State*, 543 A.2d 309, 312 (Del. 1988).

(12) Kilson contends that he was supposed to have, but did not have, a bail hearing after his case was reversed and remanded back to the Superior Court. The record reflects that the Superior Court set Kilson's bail after the case was reversed and remanded. To the extent Kilson alleges errors in the setting of his bail, his voluntary guilty plea waived any objection to defects or errors that occurred before the entry of the plea.[9]

(13) Finally, Kilson's claim that his sentence is disproportionate compared to the sentence of a man who received a five year prison sentence after pleading guilty to manslaughter is without merit. Our review of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature.[10] Proportionality review of a sentence is "restricted to those rare cases in which a threshold comparison of the crime and the sentence leads to an inference of gross disproportionality."[11]

(14) In this case, Kilson pled guilty to two felonies—Assault in the Second Degree and PDWDCF—carrying a maximum statutory penalty of thirty-three years Level V incarceration. Kilson was sentenced to a total period of ten years

---

[9] *Id.*

[10] *Fink v. State*, 817 A.2d 781, 790 (Del. 2003).

[11] *Bednash v. State*, 2012 WL 2343593, at *2 (Del. June 19, 2012) (citing *Crosby v. State*, 824 A.2d 894, 908 (Del. 2003)).

Level V incarceration, suspended after four years. The sentence imposed was within statutory limits and was not grossly disproportionate to Kilson's convictions. Accordingly, Kilson's claim of a disproportionate sentence is without merit.

(15) This Court has reviewed the record carefully and has concluded that the remainder of Kilson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Kilson's counsel has made a conscientious effort to examine the record and the law and has properly determined that Kilson could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

8